01
02
03
04
05                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07  UNITED STATES OF AMERICA,            )
                                          )   CASE NO. MJ21-594 SKV
08          Plaintiff,                    )
                                          )
09      v.                                )
                                          )   ORDER DENYING MOTION TO
10  LISA RENEE LITTLE,                    )   REOPEN DETENTION ORDER
                                          )
11          Defendant.                    )
                                          )
12

13      This matter comes before the Court on Defendant's motion to reopen her detention
14  hearing and issue an order releasing her on pre-trial supervision.  Dkt. 10 at 1.  Defendant
15  seeks to reopen the detention order, asking the Court to consider corroboration regarding
16  Defendant's testimony as a victim at trial, and alleged new facts relating to the circumstances
17  of the issuance of the Notice to Appear.  Id.  The government opposes the motion.  Dkt. 11.
18      The Court has considered the pleadings filed in support of and in opposition to the
19  motion and the remainder of the file and hereby DENIES the motion for the reasons stated
20  herein.
21
22

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -1

## PROCEDURAL AND FACTUAL BACKGROUND

On July 20, 2020, Defendant attempted to reenter the United States from Mexico at the Calexico, California, port of entry.  Dkt. 13 at 3.  Defendant drove a car through the port of entry and was its sole occupant.  The customs officer directed Defendant to secondary inspection where investigators searched the vehicle and discovered a concealed compartment containing approximately 21 kg of methamphetamine and 2.8 kg of fentanyl.  Defendant was *Mirandized* and stated this was the second time she had crossed the border in order to transport contraband in return for payment, and she knew she was carrying either guns or drugs in the vehicle.  *Id*.  During the interview with agents, Defendant was given a "**Notice to Appear**", giving the date and time of the appearance as November 6, 2020, at 8:00 a.m. in Federal Court in El Centro, California, and providing a warning that failing to appear could result in a warrant being issued.  Dkt. 10, Ex. 4.  The notice included that the Court would appoint counsel and advised Defendant of the phone number of the Federal Defenders of San Diego if she had questions regarding representation.  *Id*.  The notice also instructed Defendant to contact the U.S. Pretrial Service office within 24 hours.  *Id*.  Defendant signed and dated the document.  Defendant did not call the U.S. Pretrial Services Office and failed to appear at the hearing on November 6, 2020.  Dkt. 11.  The Court's minute entry indicated that Ms. Little "failed to appear," and the Court found that "defendant signed an NTA." *United States v. Little*, 3:20-cr-02547-GPC-1, Dkt. 1 (S.D. Cal. July 23, 2020).  The court issued a warrant.  *Id*.  A second hearing was held on December 17, 2020.  *Id*., Dkt. 12. Defendant again failed to appear.  *Id*.

On November 3, 2021, Defendant was arrested at SeaTac airport during a layover upon her return from testifying at trial at a trial in San Bernardino County, California. Defendant had her initial appearance and detention hearing on November 4, 2021. After hearing argument from the parties, the Court detained defendant pending transfer to the Southern District of California, finding, in part:

> Defendant poses a risk of nonappearance based on the fact that the Southern District of California issued a warrant for failure to appear, and also based upon the fact that she has allegedly traveled internationally in the course of the criminal conduct charged in the Southern District of California.

Dkt. 6

## DISCUSSION

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The statute therefore requires that the movant show two things: (1) that she has new information, previously not known to her, and (2) that the new information is material to the detention issue. Courts interpret the reopening provision "strictly". *United States v. Ward*, 63 F. Supp. 2d 1203, 1206 (C.D. Call 1999). "New and materials information [under 3142(f)] consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Macpherson*, CR19-5213 BHS, 2020 WL 18122239 at *2 (W.D. Wash. Apr. 9, 2020).

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -3

Defendant's motion cites as the basis for reopening detention information that appears to go to the credibility of Defendant's statements at the time of the original detention hearing. Dkt. 10 at 1-3.  First, at the detention hearing, Defendant asserted that she had been in the course of traveling from testifying as a victim at trial and returning to Walla Walla on the way to reside with family in Oregon.   Defendant now presents corroboration that she did testify as a victim at trial.   But the Court had no basis to doubt that assertion at the initial detention hearing, and the purpose of her travel was not a factor in the Court's consideration of detention or release.   Thus, the corroboration of the purpose and circumstances of her travel at the time of her arrest in November 2021 is neither new information nor material to the detention decision.

Second, the Defendant points to the fact that the Notice of Appearance was provided to Defendant by agents in July at the time of her arrest and attaches that notice and an image from a video showing Defendant in an office with agents with a copy of the Notice visible on the screen of a computer.   Dkt. 10, Exhibits 4 and 5.   But nothing at the original hearing, neither the government's proffer nor the docket entry regarding the November 6, 2020, hearing, led the Court to believe that the Notice to Appear had been provided to Defendant with counsel present or that Defendant had signed it in November 2020 rather than July 2020, or that there had been an initial appearance in court in July.   Dkt. 14 at 1-2.   None of the information presented by Defendant presents new information; rather the exhibits confirm that Defendant signed a notice to appear that instructed her regarding the date and time of appearance, warning her that failure to appear could result in her arrest, notifying her that she

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -4

was required to contact pre-trial services, and providing her with the phone numbers for the Federal Defenders Office.   These facts contrast with Defendant's assertion that she was not aware of the requirement that she appear in court.   Defense counsel appears to assert that the government hid the ball with respect to the circumstances of the signing of the Notice to Appear, but that information was fully known to the Defendant, and, again, nothing led the Court to believe that the circumstances were anything other than those now confirmed.

Because Defendant has failed to present information that was not known to the movant at the time of the hearing or that has a material bearing on the issue of detention or release, the motion to reopen detention pursuant to 18 U.S.C. § 3142(f) is DENIED.

Defendant also moves for temporary release pursuant to 18 U.S.C. § 3142(i).   But such a request ignores the reality that the Court ordered detention in order to assure Defendant's appearance in the court of original jurisdiction, the Southern District of California.   A temporary order of release would defeat the entire purpose of the Order.

The Motion to Re-open the Order for Detention or in the alternative for Temporary Release is DENIED.

DATED this 23rd day of November, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING REQUEST TO REOPEN DETENTION ORDER
PAGE -5